IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ARIEL UMARA,**

        **Plaintiff,**

  vs.                                            Civil Action 2:12-CV-1119
                                                      Judge Smith
                                                      Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

**REPORT AND RECOMMENDATION**

**I.    Background**

    This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income. This matter is now before the Court on plaintiff's *Fact Sheet and Statement of Specific Errors; Motion for Remand* ("*Statement of Errors*"), Doc. No. 18, and the Commissioner's *Opposition to Plaintiff's Statement of Errors*, Doc. No. 23. Plaintiff has not filed a reply.

    Plaintiff Ariel Umara filed his applications for benefits on April 17, 2009, alleging that he has been disabled since August 1, 2006. *See PAGEID* 198-206. The applications were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

    Following an administrative hearing, at which plaintiff was

1

represented by counsel, the administrative law judge issued a written decision concluding that plaintiff was not disabled from August 1, 2006, through the date of the administrative decision. *PAGEID* 91-92. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on October 4, 2012. *PAGEID* 70.

Plaintiff was 54 years of age on the date of the administrative decision. *See PAGEID* 92, 198. He has at least a high school education, is able to communicate in English, and has past relevant work as a claims processor. *PAGEID* 89-90, 124. Plaintiff was last insured for disability insurance benefits on June 30, 2010. *PAGEID* 82. He has not engaged in substantial gainful activity since August 1, 2006, his alleged date of onset of disability. *Id*.

**II. Administrative Hearing and Decision**

The administrative hearing was held on June 30, 2011. *PAGEID* 98. During opening statement, plaintiff's counsel noted that "this case involves the residuals of a stroke that was suffered by Mr. Umara back several years ago . . . [in] 2004/2005." *PAGEID* 103. Counsel indicated that a consultative examiner had recommended on November 4, 2009 that "it would be beneficial to have input from Mr. Umara's treating physicians or possibly neurology consult for review of old medical history -- old medical records." *Id*. Counsel also referred to a November 10, 2006 MRI of the brain which indicated that "there was a definite positive finding of small vessel ischemia," and "some question about whether there was an infarct or not in the brain." *PAGEID* 103-04. Counsel then stated that plaintiff's family doctor was "going to send him for a neurological examination or a

referral to a neurologist" "in the next 30 days." *PAGEID* 104. Based on this representation, the administrative law judge agreed to keep the record open until July 31, 2011:

> ALJ: Okay. All right. Thank you, counsel. If that neuro exam is going to take place in the next 30 days, it could be very beneficial so I think I'm going to put the case in post and we'll keep it open . . . [until] July 31 and if at that point, you've gotten it, get it to me. If you don't have it yet but the exam has occurred, just call or send in a fax letting us know what's going on with that --
>
> ATTY: Yes, sir.
>
> ALJ: -- and we'll adjust accordingly, you know, if it's been postponed, it's still two months to go, well, we'll have to decide what to do. If it's something that we just need another week or two, so be it. But I could be very –
>
> ATTY: I will keep your office advised.

*PAGEID* 105.

The neurological consultative examination did not occur within the ensuing 30 days. On July 28, 2011, plaintiff's counsel advised the administrative law judge that the consult had been scheduled for September 8, 2011 and asked that the record continue to be held open to allow plaintiff to obtain records "'or send the claimant for a consultative neurological examination.'" *PAGEID* 79. Counsel did not specify the length of time requested. In response, the administrative law judge denied that request, explaining:

> On July 28, 2011, [plaintiff's counsel] provided written correspondence to my attention that the claimant was not scheduled to see any neurologist until September 8, 2011 and, consequently, requested that I hold the record open for an additional (indefinite) period so that he could "get his records and/or send the claimant for a consultative neurological examination" (Ex. 13B). I supplied a written response to [plaintiff's counsel] that same day, with carbon copy sent to the claimant, that I would not keep the file open awaiting the

>upcoming neurology visit in September 2011 and advised that I will proceed in rendering my decision based on the available evidence (Ex. 14B).  Nevertheless, I did indicate that I would certainly allow submission of a neurology consultation report should it be received prior to my issuing a decision.  It now being nearly two business weeks since the date of the July 28th correspondence, I see no further good case for delay.
>
>My reasoning here is that the thirty-day period after the claimant's June 30th hearing was an ample window of time within which the claimant could have attended a consultative neurological examination at the behest of his attorney.  Whatever the cause for the delay to the scheduling of the claimant's neurological examination as referred by his family physician until September 8, 2011, I do not find a showing of good cause has been made for holding the record open for such an extended period of time.

*PAGEID* 79-80.

In his written decision, which was issued on August 12, 2011, the administrative law judge found that plaintiff's severe impairments consist of "umbilical hernia, status post right hemispheric cerebrovascular accident ('CVA'), chronic pain, and cognitive disorder, not otherwise specified."  *PAGEID* 82.  The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") for medium work,

>except that he is further limited as follows:
>
>-Can only occasionally balance;
>-Can never climb ladders, ropes or scaffolds;
>-Should avoid all exposure to hazards such as unprotected heights or dangerous machinery, and should engage in no commercial driving; and
>-Is further limited to tasks that are simple, repetitive, and routine; in a relatively static environment with few changes that can be explained to him; and having no fast pace and/or high production quotas (such as is involved in piecemeal work).

*PAGEID* 84.  Although this RFC precluded plaintiff's past relevant work,

the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is able to perform a significant number of jobs in the national economy, including such jobs as packager, cafeteria attendant, and mail clerk. *PAGEID* 89-91. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from August 1, 2006, through the date of the administrative law judge's decision. *PAGEID* 91-92.

**VI. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently,

see *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth*, 402 F.3d at 595.

In his *Statement of Errors*, plaintiff contends that the administrative law judge abused his discretion when he kept the record open for only 1 month after the June 30, 2011 administrative hearing and refused plaintiff's request to continue to keep the record open to permit plaintiff to arrange additional medical evaluations and submit additional medical evidence. *Statement of Errors*, pp. 3-5. Plaintiff also submits medical records dated September, October, and November 2011, *see id*. at Exhibits 1-3, that, plaintiff argues, would have "made a difference" in the administrative law judge's decision. *Id*. at p. 5. Specifically, plaintiff argues that, "[w]hile the records speak for themselves, the neuropsychologist finds [plaintiff] disabled, with all of the necessary tests and supporting data to support that conclusion, and the reader of the MRI finds 'moderate to severe chronic white matter changes' and 'advanced atrophy for age.'" *Id*. Accordingly, plaintiff asks that this Court award plaintiff benefits or, alternatively, "remand[] to the Defendant Commissioner." *Id*. at p. 7.[1]

The determination of whether an administrative law judge has failed to fully develop the record is made on a case-by-case basis by examining the record. *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051–52 (6th Cir. 1983) ("There is no bright line test for determining when the administrative law judge has assumed the role of counsel or failed to fully

---

[1] It is unclear whether plaintiff's request for remand is grounded in Sentence 4 of 42 U.S.C. § 405(g) or Sentence 6 of the statute.

develop the record."). "As long as there is sufficient evidence in the record for him to make a decision regarding the claimant's disability, it is within the discretion of an ALJ to close the record." *Penn v. Comm'r of Soc. Sec.*, No. 1:10CV1885, 2012 WL 646057 (N.D. Ohio Feb. 28, 2012) (citing *Dotson v. Dotson Coal Co.*, 893 F.2d 1334 (6th Cir. 1990)). *See also Brown v. Comm'r of Soc. Sec.*, 4:11CV1084, 2012 WL 1885132, at *6 (N.D. Ohio May 23, 2012); *Kendall v. Comm'r of Soc. Sec.*, No. 2:10-263-DCR, 2011 WL 4388794, at *5 (E.D. Ky. Sept. 20, 2011); *Pugh v. Comm'r of Soc. Sec.*, No. 1:09-CV-112, 2010 WL 1544271, at *9 (E.D. Tenn. Feb. 17, 2000) ("An ALJ's decision not to hold the record open for further evidence is reviewed for an abuse of discretion.") (citing *Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672 (6th Cir. 2009)). However, "[w]here there are obvious gaps in the record, the ALJ has the duty to develop the administrative record with respect to the missing evidence." *Kendall*, 2011 WL 4388794 at *5 (citing *Sims v. Apfel,* 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate facts and develop the arguments both for and against granting benefits.")).

The Court concludes that the administrative law judge did not abuse his discretion when he kept the record open for only 43 days after the administrative hearing. Plaintiff cites to no authority for the proposition that an administrative law judge's failure to hold the record open for a longer period of time is an abuse of discretion. Plaintiff does not argue that there was insufficient evidence in the record upon which the administrative law judge could base a decision, *see Penn*, 2012 WL 646057

at *8, or that there were "obvious gaps in the record" that created a "duty to develop the administrative record with respect to [] missing evidence." *See Kendall*, 2011 WL 4388794 at *5-6 (citing *Sims*, 530 U.S. at 110-11). Furthermore, because plaintiff was represented by counsel, the administrative law judge was not charged with a "heightened" or "special" duty to develop the record. *See Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008) (finding that the administrative law judge has a "special, heightened duty to develop the record" when a claimant is "(1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures") (citing *Lashley*, 708 F.2d at 1051-52)).

The administrative law judge initially held the record open for one month after the administrative hearing to permit plaintiff to undergo a neurological examination that plaintiff's counsel represented would be completed within 30 days of the hearing. *PAGEID* 104-05. The administrative law judge also expressed a willingness to consider any medical records submitted after July 31, 2011 and before the administrative decision, which was issued on August 12, 2011. *PAGEID* 79-80. Plaintiff argues that the administrative law judge erred in not holding the record open even longer, apparently merely because a consultative examiner had recommended a neurological consult more than a year earlier. Plaintiff offers no explanation why he waited until the very eve of the June 30, 2011 administrative hearing (or perhaps beyond) to schedule the recommended consultation, nor does he explain why that examination was not completed within the month after the administrative hearing – or even prior to the

8

issuance of the administrative decision on August 12, 2011.  *See PAGEID* 188.  The Court also notes that plaintiff's July 28, 2011 request that the record continue to be kept open proposed no date by which the record should be closed, *see PAGEID* 187, and that the medical records submitted by plaintiff were generated months after the administrative law judge issued his decision.

It is plaintiff's burden to establish disability; he must present evidence sufficiently complete and detailed to enable the Commissioner to make a disability determination.  *See* 20 C.F.R. §§ 404.1512(a), 404.1514, 416.912, 416.913(d); *Carrelli v. Comm'r Of Soc. Sec.*, 390 F. App'x 429, 434 (6th Cir. 2010) ("The plaintiff has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability . . . .") (quoting *Wyatt v. Sec'y of Health & Human Servs.,* 974 F.2d 680, 683 (6th Cir. 1992)).  It was plaintiff's failure to carry this burden – and not the administrative law judge's refusal to keep the record open indefinitely – that resulted in an administrative record that did not include the results of the neurological examination and MRI.

In short, the Court finds no error in the administrative law judge's decision to close the record one month after the administrative hearing.

The Court also finds that, to the extent plaintiff's *Statement of Errors* can be interpreted to seek remand under Sentence 6 of 42 U.S.C. § 405(g), that request is without merit.  A court may, under certain circumstances, remand a case under Sentence 6 of 42 U.S.C. § 405(g) for further administrative proceedings in light of new and material evidence.  *Id.*

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g).  A plaintiff has the burden under this provision to demonstrate that the additional evidence presented is both "new"[2] and "material"[3] and that there is "good cause"[4] for the failure to present this evidence to the administrative law judge.  *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006).

As noted *supra*, plaintiff has now submitted medical records generated in September, October, and November 2011.  *Statement of Errors*, Exhibits 1-3.  Assuming that the evidence submitted by plaintiff is new, because it was not in existence at the time the administrative decision was issued, and that plaintiff actually seeks a Sentence 6 order of remand, plaintiff has not established good cause for his failure to acquire the evidence in time to present it to the administrative law judge.  Remand is therefore not warranted under even Sentence 6 of 42 U.S.C. § 405(g).[5]

Plaintiff has not shown that the administrative law judge abused his discretion in closing the record one month after the administrative hearing or that remand is warranted under Sentence 6 of 42 U.S.C. § 405(g).  It

---

[2]  Evidence is "new," for purposes of this provision, only if it was "not in existence or available to the claimant at the time of the administrative proceeding."  *Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990).
[3]  Evidence is "material" only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence."  *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).  *See also Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).
[4]  A plaintiff may establish "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence at the administrative hearing.  *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001)*.*
[5] The Court expresses no opinion as to whether a new application for benefits, based on these additional medical records, would be appropriate.

is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

November 12, 2013                                   *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge